**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

TEDEISHA FOLKES

    Plaintiff,

v.

CHIPOTLE SERVICES, LLC
a Foreign Limited Liability Company

    Defendant.
_____/

## COMPLAINT

Plaintiff, TEDEISHA FOLKES (hereinafter, "FOLKES" or "Plaintiff"), by and through her undersigned attorney, hereby files this Complaint against CHIPOTLE SERVICES, LLC (hereinafter "Chipotle" or "Defendant") and says:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant pursuant to the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.* (2017), the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise

1

to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a member of a class protected under the FCRA, and ADAAA because the terms, conditions, and privileges of her employment were altered because of her disability/handicap. Further, Plaintiff was denied a reasonable accommodation.

6. Plaintiff is a female who complained about sexual harassment and was subjected to retaliation. She is therefore a member of a class protected under Title VII and the FCRA because the terms, conditions, and privileges of her employment were altered because of her sex, female, and in retaliation for complaints she made.

7. Plaintiff is a citizen and resident of the Southern District of Florida, over the age of eighteen years and otherwise *sui juris*.

8. Defendant is a Foreign Limited Liability Company registered to do business within Florida, with its principal place of business in California. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the Title VII, the FCRA and the ADAAA.

10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against Defendant with the Equal Employment Opportunity

Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about September 12, 2019, which was no more than 300 days after the last discriminatory event occurred, to wit: September 5, 2019.

12. EEOC terminated its processing of the charge within 180 days of the filing of the charge.

13. Plaintiff was issued a Notice of Right to Sue on or about March 13, 2020. The Notice is attached hereto as Exhibit A.

## GENERAL ALLEGATIONS

14. Plaintiff began working for Defendant in December 2018 until her termination on or about September 5, 2019.

15. Plaintiff started working in Defendant's location at 4850 N Federal Hwy, Fort Lauderdale, FL 33308 ("Store 1"), where Plaintiff injured her wrists and hands twice on the job between February 2019 and March 2019.

16. Plaintiff immediately started treatment when her doctor ordered work limitations, including but not limited to, not putting her hands in the water, not lifting heavy items and not climbing ladders.

17. Plaintiff showed her doctor's note to Ramona Tenants, the General Manager for Store 1, who advised Plaintiff that Store 1 would not accept the note and would not accommodate Plaintiff's injuries.

18. Ramona then sent Plaintiff home because there was no position for Plaintiff in Store 1 due to her injury, after which Plaintiff was transferred to another location of Chipotle, at 4220 N State Road 7, Coral Springs, FL 33073 ("Store 2").

19. Upon the transfer to Store 2, Plaintiff showed the doctor's note to different managers, hoping to get some accommodations, but all of them advised Plaintiff that Store 2 would not take the note and therefore would not accommodate her injuries.

20. In order to perform her job, Plaintiff had no choice but to wash the dishes, lift items heavier than her limitations, and climb ladders, to the detriment of her health.

21. Jamal Daley was one of the managers at Store 2, who started harassing Plaintiff on the basis of her gender since the beginning of Plaintiff's employment at Store 2.

22. Jamal brushed against Plaintiff whenever he had the chance and he would yell at Plaintiff for no obvious reasons.

23. In or about July 2019, Plaintiff started to complain about Jamal's harassment to other managers, Human Resources Department and Field Leaders; specifically, Jermaine Turner, the Field Manager, and Derik Shambaugh, the Director of the Team.

24. Derik advised Plaintiff that the team would look into the issues and get back to her and Jermaine advised Plaintiff that Jamal would be reprimanded.

25. Jamal was never reprimanded and his harassment continued.

26. Meanwhile, Defendant's field leaders repeatedly requested Plaintiff to resign but Plaintiff did not, due to her need of the job.

27. On or about September 5, 2019, Jamal started to yell at Plaintiff and picking on Plaintiff since she walked in the door.

28. Plaintiff was serving customers as usual, but Jamal would not stop picking on her, which was interrupting Plaintiff's job.

29. Plaintiff asked Jamal to stop yelling at her, about which Jamal became outraged.

30. Jamal went to talk to other managers, which eventually led to Plaintiff's termination.

31. Later on September 5, 2019, Jermaine came into Store 2 and terminated Plaintiff, advising that Plaintiff was terminated because she said "Shut the fuck up" to Jamal, which was not true.

32. The reason Defendant provided for Plaintiff's termination is pretextual.

33. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's sex was, at minimum, a motivating factor in Defendant's decision for her termination[1].

34. Prior to her termination, Plaintiff was unaware of any performance deficiencies and she had not been previously disciplined.

35. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

36. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (HOSTILE WORK ENVIRONMENT)

37. Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

38. Plaintiff brings this action under the Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000e for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the sexual harassment Jamal inflicted on Plaintiff.

39. Plaintiff is a member of a protected class, to wit, female.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

5

40. Jamal brushed against Plaintiff whenever he had the chance and he would yell at Plaintiff for no obvious reasons.

41. Jamal was Plaintiff's supervisor during her employment at Store 2, and Jamal's sexual harassment was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Jamal's conduct was severe and pervasive from both a subjective and objective perspective.

42. Despite Plaintiff's complaint to Defendant multiple times, Jamal has not, upon information and belief, been disciplined for his conduct.

43. Meanwhile, Defendant's field leaders repeatedly requested Plaintiff to resign but Plaintiff did not, due to her need of the job.

44. Defendant's manager, Jamal, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Jamal, and/or other employees.

45. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII as a direct result of Defendant's discriminatory actions.

46. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its manager. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff TEDEISHA FOLKES requests that:

a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b) The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d) The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (RETALIATION)

47. Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

48. Plaintiff brings this action for retaliation in violation of Title VII.

49. In or about July 2019, Plaintiff started to complain about Jamal's harassment to other managers, Human Resources Department and Field Leaders

50. As a result of Plaintiff's complaints, Defendant's field leaders repeatedly requested Plaintiff to resign and Defendant's Field Manager, Jermaine Turner, eventually terminated Plaintiff on or about September 5, 2019.

51. Plaintiff was advised that she was terminated because she said "Shut the fuck up" to Jamal, which is not true.

52. Defendant's proposed reason for Plaintiff's termination is therefore pretextual.

53. Plaintiff's termination constitutes an adverse employment action under Title VII.

54. Defendant's actions were done with malice, and with disregard for Plaintiff's rights to as a woman protected under the Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Jamal and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff TEDEISHA FOLKES requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III: FAILURE TO ACCOMMODATE
## IN VIOLATION OF THE ADA AND ADAAA

55. Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

56. Plaintiff is person with a disability as that term is defined under the ADAAA in that she injured her wrists and hands twice on the job between February 2019 and March 2019, the treatment of which substantially limits her ability to perform at least one major life function, to wit: putting hands in the water, lifting heavy items and climbing ladders etc. without pain.

57. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with the proposed reasonable accommodation in that she was hired for the position and performed this position satisfactorily.

58. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act Amendments Act ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

59. Plaintiff was able to perform the essential functions with the requested accommodations of not putting her hands in the water, not lifting heavy items and not climbing ladders.

60. Plaintiff requested a reasonable accommodation after her injury, which was denied in both Store 1 and Store 2.

61. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

62. Defendant refused to participate in the interactive process and demanded that Plaintiff perform her job without limitations to the detriment of her health.

63. Plaintiff's request for accommodation was reasonable and would not have caused Defendant undue hardship as there were other employees who could have helped out with Plaintiff's assignments when Plaintiff could perform her job with limitations.

64. Because Defendant did not accommodate Plaintiff, her injuries became worse.

65. As a result of Defendant's actions, Plaintiff has suffered damages by way of lost wages and benefits, attorney's fees, etc.

WHEREFORE, Plaintiff TEDEISHA FOLKES requests judgment as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b) compensatory damages;

c) punitive damages;

d) attorney's fees and costs; and

e) any other award this Court deems necessary.

## COUNT IV: VIOLATION OF FCRA
## (HOSTILE WORK ENVIRONMENT)

66. Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

67. Plaintiff brings this action under the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*, for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the sexual harassment Jamal inflicted on Plaintiff.

68. Plaintiff is a member of a protected class, to wit, female.

69. Jamal brushed against Plaintiff whenever he had the chance and he would yell at Plaintiff for no obvious reasons.

70. Jamal was Plaintiff's supervisor during the her employment at Store 2, and Jamal's sexual harassment was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Jamal's conduct was severe and pervasive from both a subjective and objective perspective.

71. Despite Plaintiff's complaint to Defendant for multiple times, Jamal has not, upon information and belief, been disciplined for his conduct.

72. Meanwhile, Defendant's field leaders repeatedly requested Plaintiff to resign but Plaintiff did not, due to her need of the job.

73. Defendant's manager, Jamal, acted with intentional disregard for Plaintiff's rights as a woman and a person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Jamal, and/or other employees.

74. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

75. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its director or nurses. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff TEDEISHA FOLKES requests that:

    e) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

    f) The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    g) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    h) The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT V: VIOLATION OF FCRA
### (RETALIATION)

76. Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

77. Plaintiff brings this claim for retaliation in violation of FCRA.

78. In or about July 2019, Plaintiff started to complain about Jamal's harassment to other managers, Human Resources Department and Field Leaders

79. As a result of Plaintiff's complaints, Defendant's field leaders repeatedly requested Plaintiff to resign and Defendant's Field Manager, Jermaine Turner, eventually terminated Plaintiff on or about September 5, 2019.

80. Plaintiff was advised that she was terminated because she said "Shut the fuck up" to Jamal, which is not true.

81. Defendant's proposed reason for Plaintiff's termination is therefore pretextual.

82. Plaintiff's termination constitutes an adverse employment action under FCRA.

83. Defendant's actions were done with malice, and with disregard for Plaintiff's rights as a woman protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Jamal and/or other

employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff TEDEISHA FOLKES requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI: FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA

84. Plaintiff re-alleges and re-avers paragraphs 1 – 36 as fully set forth herein.

85. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

86. The FCRA accordingly requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

87. Plaintiff timely informed Defendant of her work limitations due to her injuries and requested accommodations.

88. Defendant's managers for both Store 1 and Store 2 refused to accept Plaintiff's doctor's note and therefore refused to provide any accommodations for Plaintiff's injuries.

89. Defendant refused to participate in the interactive process and demanded that Plaintiff perform her job without limitations to the detriment of her health.

90. Plaintiff's request for accommodation was reasonable and would not have caused Defendant undue hardship as there were other employees who could have helped out with Plaintiff's assignments when Plaintiff could perform her job with limitations.

91. Because Defendant did not accommodate Plaintiff, her injuries became worse.

92. As a result of Defendant's failure/refusal to accommodate Plaintiff, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

93. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff TEDEISHA FOLKES requests judgment as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b) compensatory damages;

c) punitive damages;

d) attorney's fees and costs; and

e) any other award this Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff, TEDEISHA FOLKES hereby demands trial by jury on all counts so triable contained herein.

Dated: June 9, 2020.

                LAW OFFICES OF CHARLES EISS, P.L.
                Attorneys for Plaintiff
                7951 SW 6th Street, Suite 112
                Plantation, Florida 33324
                (954) 914-7890 (Office)
                (855) 423-5298 (Facsimile)
By:   /s/ Charles M. Eiss
                CHARLES M. EISS, Esq.
                Fla. Bar #612073
                chuck@icelawfirm.com
                TIEXIN YANG, Esq.
                Fla. Bar #1010651
                tiexin@icelawfirm.com